UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF CAMDEN, et al.,<br><br>    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>1:15-cv-01244-NLH-JS<br><br>OPINION |

**APPEARANCES:**

WILLIAM COOPER
186629C/974700
New Jersey State Prison
P.O. BOX 861
TRENTON, NJ 08625
    Appearing *pro se*

PARKER MCKAY, P.A.
Elizabeth M. Garcia, Esq.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054
        Counsel for Defendant Peter Farlow Sr.

THE VIGILANTE LAW FIRM, P.C.
Jacqueline M. Vigilante, Esq.
99 North Main Street
Mullica Hill, New Jersey 08062
        Counsel for Defendant John Vernon

THE OFFICE OF CAMDEN COUNTY COUNSEL
Anne E. Walters, Assistant County Counsel
520 Market Street, 14th Floor Camden, New Jersey 08102
    Counsel for Defendants County of Camden, Camden County
    Correctional Facility, Correctional Officer Nnakuru R.
    Chukudi, and Warden Eric M. Taylor

**HILLMAN**, District Judge

This matter concerns claims by Plaintiff, appearing *pro se*, arising from an alleged physical assault by Camden County Correctional Facility ("CCCF") corrections officers while Plaintiff was a pre-trial detainee.  Previously, on January 30, 2017, all Defendants moved for summary judgment in their favor on all of Plaintiff's claims against them.  On September 13, 2017, the Court denied without prejudice Defendants' motions, and afforded Plaintiff 45 days to file an opposition.  (Docket No. 69.)  On October 19, 2017, Plaintiff filed a motion for an extension of time to file his opposition (Docket No. 70), and the Court granted his request on October 23, 2017, providing him with an additional 45 days from the date of the Order (Docket No. 72), thus making Plaintiff's opposition due on December 7, 2017.  Plaintiff failed to file an opposition.

On May 11, 2018, the Court granted summary judgment in favor of all Defendants except for corrections officer John Vernon. (Docket No. 73.)  With regard to Vernon, the Court found that: (1) Plaintiff had failed to identify specific facts and affirmative evidence that contradicted those offered by Vernon, and (2) if this evidence was deemed unrefuted, no genuine issue of material fact would remain, and Vernon would be entitled to a judgment as a matter of law.  (Id. at 13.)  The Court noted that ruling in favor of Vernon would be consistent with the

undisputed evidence currently in the record and procedurally within the scope of both the letter and spirit of Rule 56, but afforded Plaintiff one last chance to respond to Vernon's motion.  (Id. at 13-14.)  Plaintiff's response was due on June 11, 2018.

Instead of filing an opposition to Vernon's summary judgment motion, Plaintiff filed a letter, which the Court has construed to make several requests.  (Docket No. 75.)  First, it appears that Plaintiff asks the Court to reconsider the grant of summary judgment in favor of the Defendants other than Vernon,[1] and provide him with discovery.  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.

---

[1] A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).

The Court does not find any of those circumstances to be present here.  With regard to Plaintiff's request for discovery, and the purported lack of discovery serving to prejudice his ability to respond to those Defendants' motions, the Court does not find Plaintiff's argument compelling, particularly because the case began in February 2015, Plaintiff participated in the discovery process, all the discovery relative to the summary judgment motions has been available since those motions were filed January 30, 2017, and the Court has provided Plaintiff with several lengthy extensions of time to respond.  Thus, the Court's decision as to those Defendants stands.

Second, Plaintiff's letter requests a 60-day extension to file his response to Vernon's motion for summary judgment.  The Court will grant that request.

Finally, Plaintiff's letter requests that he be provided with the docket sheets for his case, as well as for the case of his cellmate, <u>Sanders v. County of Camden</u>, 1:15-cv-01129-NLH-JS.  The Court will also grant this request.

An appropriate Order will be entered.


Date:  June 20, 2018              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

4